[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTIONS TO QUASH SUBPOENA DUCES TECUM ISSUED BY DEFENDANT TO PLAINTIFF'S COUNSEL ATTORNEY JONATHAN MELLITZ
Attorney Jonathan Mellitz, who is not a party to the above-captioned vexatious litigation claim, has moved to quash the subpoena duces tecum served on him by defendant Abington Limited Partnership ("Abington"), which seeks to depose Attorney Mellitz. Attorney Mellitz represented a party, Chase Family Limited Partnership 7, in the underlying litigation that the plaintiff claims was vexatious. He asserts that the testimony that Abington seeks is protected from disclosure by the attorney-client privilege and the work product doctrine and that the deposition has been noticed for purposes of burdening and oppressing him and his client.
The movant asserts that both the expected questions and the document requests are improper and should be quashed.
With regard to testimony, this court has no basis to determine whether the information sought is not subject to discovery. The movant has simply surmised that the questions posed will be within an applicable privilege.
A party who invokes a privilege has the burden of proving that the privilege applies to the particular information sought. Babcock v. Bridgeport Hospital, 251 Conn. 740, 847-48 (1999). Not all information acquired by an attorney is privileged; rather, the attorney-client privilege applies only to communications made in confidence for the purpose of seeking or giving legal advice. Olson v. Accessory Controls Equipment Corp., 254 Conn. 145, 158 (2000).
There may be situations in which it is apparent that a party seeking discovery of an attorney is doing so only to oppress, burden, or annoy; however, no such showing has been made with regard to the deposition of CT Page 15932 Attorney Mellitz, and Abington has asserted that the purpose of the deposition is to elicit information that bears on the plaintiffs claim for damages. The court is unable to predict in advance that Abington has no questions to ask that are not precluded by a privilege. The court has already had occasion to find, however, that some of Abington's discovery may be proceeding from a desire to impose expense or burdens rather than from legitimate need for information, and the court will not hesitate to apply sanctions should the movant establish that they are appropriate.
If a claim of privilege is asserted to a particular question at the deposition and Abington contest the claim of privilege, it will be necessary to supply the court with a transcript of the question(s) so that the court may rule on the actual question(s) at issue.
The movant further asserts that he has been requested to bring a burdensome number of documents to the deposition. He has failed to attach to his motion a copy of the subpoena duces tecum, and the court is unable to determine the merit of his claim. Though he refers to some of the contents of the attachment, this court will not make findings on the basis of a characterization or paraphrase.
Conclusion
The motion to quash the subpoena per se is denied. The motion to quash the portion of the subpoena that requests Attorney Mellitz to assemble and bring to the deposition certain documents is denied without prejudice to renewal of the motion to which the actual text of the subpoena is attached, if Attorney Mellitz is unable to come to an agreement with Abington's counsel concerning the scope of the documents actually to be produced at the deposition. Any renewed motion to quash shall be filed by January 2, 2003, to avoid delay.
 ___________________ Beverly J. Hodgson Date Judge of the Superior Court
CT Page 15933